KATE E. DARR, APPELLEE, V. CHARLES F. SPENCER ET AL., IMPLEADED WITH JACOB NISLEY ET AL., APPELLANTS.

FILED DECEMBER 4, 1901. No. 10,715.

1. Holder of Mortgage by Assignment: SUBROGATION: CONDITION BROKEN: RIGHT TO FORECLOSE: INEQUITABLE CONDUCT. The owner and holder of a real estate mortgage acquired by purchase and assignment succeeds to all the right of his assignor and may, where he has been guilty of no inequitable conduct making redemption difficult or the propriety of it doubtful, maintain an action to foreclose at any time after condition broken.

2. ————: ————: RIGHT OF ACTION: FRAUD OF THIRD PARTY. One who in good faith buys a mortgage in the open market may enforce it by action although aware, at the time of the purchase, that the mortgagor was being embarrassed in making redemption by reason of the fraud of a third person.

APPEAL from the district court for Dawson county. Heard below before SULLIVAN, J. *Affirmed.*

*E. A. Cook* and *Warrington & Stewart,* for appellants.

*Henry D. Rhea, contra.*

SULLIVAN, J.

This action was brought by Kate E. Darr against Charles F. Spencer, Jacob A. Nisley, Rhoda S. Nisley and others to foreclose a real estate mortgage. The court found the issues in favor of the plaintiff and rendered a decree of foreclosure, from which the Nisleys have appealed. It is conceded that the mortgage is a valid lien, that it is owned by the plaintiff, and that the debt which it was given to secure was past due and unpaid when the action was instituted. The new matter alleged as a defense is, in substance, that Charles F. Spencer, George Quinby, and George B. Darr entered into a conspiracy to defraud the Nisleys of the mortgaged property, and by deceit, artifice and false representations induced them to convey said property to Spencer in exchange for certain worthless notes; that the district court of Dawson county, in an action brought for that purpose, adjudged the transaction to be fraudulent and decreed a reconveyance; that the action in which such decree was rendered has been appealed to this court and is still undetermined; and that plaintiff bought the mortgage, and is now seeking to enforce it, in order to aid Spencer, Quinby and Darr to accomplish, indirectly, their fraudulent purpose. The court found specially that the Nisleys had been defrauded, but that the plaintiff had no part in the transaction. That Mrs. Darr paid for the mortgage with her own money and is the real owner of it, seems to be admitted. Upon these facts there can, we think, be no serious doubt about the correctness of the conclusion reached by the district court. It may be, under the circumstances disclosed by the record, that neither Spencer

nor those associated with him would be permitted to acquire the mortgage and by enforcing it take advantage of the embarrassing situation in which they had placed the Nisleys; but the plaintiff occupies an entirely different position; her case rests upon firmer ground. She owes no duty to the appellants; she has done nothing to cloud their title; she has neither made redemption difficult nor the propriety of it doubtful. She acquired by purchase the right which her assignor had and, being guilty of no inequitable conduct, is entitled to enforce it as he might have done. Whether, when she bought the mortgage, she had knowledge of the fact that appellants had been defrauded, does not appear and is unimportant. The right of foreclosure has been lawfully exercised and the judgment of the district court is, therefore,

AFFIRMED.